**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| GROWELLA, INC., | : | Case No. 1:23-cv-832 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| PHILLIP GANZ, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 8)

---

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 8). Plaintiff filed a response in opposition (Doc. 12), to which Defendants filed a reply in support (Doc. 13). Thus, this matter is ripe for the Court's review. For the reasons below, Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**.

### ALLEGED FACTS

Plaintiff Growella Inc. is a mortgage company with its principal place of business in Cincinnati, Ohio. (Compl., Doc. 1, ¶ 1.) It publishes "an extensive library of articles on the home buying and mortgage process" for first-time homebuyers on its website. (*Id.* at ¶¶ 64-67.) These articles contain referral links that allow customers to visit other websites of companies that provide the services discussed in the articles. (*Id.* at ¶ 67.) Plaintiff "has filed at least 33 copyright applications to date to protect its unique content." (*Id.* at ¶¶ 9-35; 71.)

Defendants are citizens of Florida, situated in Fort Lauderdale, and are all

affiliated with www.makefloridayourhome.com ("Website"). (*See* Compl., Doc. 1, ¶¶ 2-5.) The Website appears to provide homebuying and mortgage services to users who are interested in buying Florida properties. (*See, e.g.*, Article, Doc. 1-37, Pg. ID 406-10.) The Website includes four articles that mention Ohio, and also has a mortgage calculator that enables users to input their information and select "Ohio" as their residence through a dropdown menu. (*See* Ohio Articles, Doc. 12-3, Pg. ID 528-30; Calculator, Doc. 12-2, Pg. ID 523-24.) The Website also provides Defendants' contact information and allows users to schedule a free consultation. (*See* Calculator, Doc. 12-2, Pg. ID 525; Free Consultation Link, Doc. 1-26, Pg. ID 241.) At some point, Plaintiff discovered that Defendants had published several articles on the Website that infringed Plaintiff's copyrighted work. (*See* Compl. Doc. 1, ¶¶ 75-76.)

Plaintiff sued Defendants for copyright infringement under 17 U.S.C. §§ 101, et seq., contending that Defendants had infringed on its exclusive rights to its articles by willfully reproducing and posting them on the Website. (*See* Compl., Doc. 1, ¶¶ 108-117.) Defendants move to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or to transfer the matter to the Southern District of Florida under Rule 12(b)(3). (Motion to Dismiss, Doc. 8.)

## LAW & ANALYSIS

### I. Personal Jurisdiction

A party can move to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693,

697 (6th Cir. 2012) (quotation omitted). When, as here, the Court decides the motion on written submissions, it "must consider the pleadings and affidavits in a light most favorable to the nonmoving party." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quotation omitted). In this context, Plaintiff need only make a prima facie showing that personal jurisdiction exists. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). Plaintiff "meets this burden by setting forth specific facts that the court has jurisdiction." *Id*. (quotation omitted).

"Personal jurisdiction may be either 'general'—that is, it extends to all of the defendant's activities in the state because the defendant resides or has its principal place of business there or is otherwise 'at home' there—or 'specific,' which requires that the lawsuit arise out of the defendant's contacts with the state." *Gunn v. Wild*, No. 22-5015, 2022 WL 18401276, at *1 (6th Cir. Sept. 13, 2022) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 357-360 (2021)). As Defendants do not reside or have their principal place of business in Ohio (*see* Compl., Doc. 1, ¶¶ 2-5), Plaintiff maintains that this Court has specific jurisdiction. (*See* Response, Doc. 12, Pg. ID 505, 510.)

"When sitting in diversity, a federal court may exercise [specific] personal jurisdiction only if a court of the forum state could do so." *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021) (citation omitted). "Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). "The Plaintiff must clear both statutory and constitutional hurdles, and the Court is free to consider them in either order." *Baker v.*

*Bensalz Prod. Inc.*, 480 F. Supp. 3d 792, 801 (S.D. Ohio 2020); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

The Court will first consider whether jurisdiction is proper under the Due Process Clause. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quotations omitted). The nonresident "generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quotations omitted). Courts apply "a three-part test to determine whether the exercise of personal jurisdiction . . . comports with constitutional due process." *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (quotation omitted). "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state." *Id.* (quotation omitted). "Second, the claims must arise out of or relate to the defendant's contacts' with the forum." *Id.* (quotations omitted). "Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* (quotations omitted).

a. **Purposeful Availment**

A party purposefully avails itself to a state's jurisdiction "where the contacts proximately result from the actions by the defendant himself that create a substantial connection with the forum state." *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 475 (1985) (quotations omitted). A defendant  purposefully avails himself to a forum state by either

4

having "deliberately . . . engaged in significant activities within a State" or by "create[ing] continuing obligations between himself and residents of the forum." *Id.* at 475-76. A court cannot exercise personal jurisdiction over a defendant when the defendant's contacts with the jurisdiction are "random, fortuitous, or attenuated." *Id.* at 475.

In tort cases related to internet content, courts in the Sixth Circuit use two tests to determine purposeful availment. First, the "*Zippo* test" considers how interactive the website is with the people in the forum state. *Zippo Mgf. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997); *see Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890-91 (6th Cir. 2002) (applying *Zippo*). Second, the "Effects test" considers whether the "effects" of the defendant's tortious conduct, which the defendant could expect to be felt in the forum state, was sufficient for courts in the forum to exercise jurisdiction. *Calder v. Jones*, 465 U.S. 783, 788-89 (1984). Though Plaintiff centers its argument around the Effects test (*see* Response, Doc. 12, Pg. ID 512-13), the Court will consider both.

### i. The *Zippo* Test

First, under the *Zippo* test, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. "A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction" with the forum state. *Neogen Corp.*, 282 F.3d at 890-91. That said, the Sixth Circuit has held that websites with interactive features designed to communicate with users in a state, without more, is not enough to show purposeful availment. *See See, Inc.*,

5

*v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 522 (6th Cir. 2006); *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 678 (6th Cir. 2005).

The Website is not sufficiently interactive to demonstrate purposeful availment under the *Zippo* test. The Website enables any user to contact Defendants and provides all users with access to its articles—no evidence suggests that these features were solely available to Ohio users. (*See* Articles, Doc. 12-3, Pg. ID 528-30); *See See, Inc.*, 167 F. App'x at 523 (holding that a website that provided for communication and interaction with residents of Ohio did not show that the defendants specifically intended to interact with Ohio). Moreover, the articles that reference Ohio only mention the state in in passing. (*See* Articles, Doc. 12-3, Pg. ID 528-30.) The Website also contains a dropdown menu that includes Ohio among other states, but this is not enough to show that Defendants specifically intended to interact with Ohio residents. *See, e.g., Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 142-44 (4th Cir. 2020) (noting that these dropdown menus do not distinguish a forum state from any other state); *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378-79 (Fed. Cir. 2017) (same).

Plaintiff does not show that Defendants used the Website to specifically target Ohio residents. (*See* Response, Doc. 12, Pg. ID 512.) Instead, Plaintiff relies on the interactive features of the Website—that are available to residents of any state—to suggest that Defendants targeted Ohio residents. (*See id.*) But, the mere fact that the website provides for communication and interactions available to Ohio residents is not enough to show that Defendants specifically intended to interact with Ohio. *See Stone v. Twiddy & Co. of Duck, Inc.*, No. 1:10-CV-591, 2012 WL 3064103, at *5-6 (S.D. Ohio July 12,

2012). Thus, Plaintiff has not shown purposeful availment under the *Zippo* test.

### ii. The Effects Test

Second, the Effects test concerns whether Defendants purposefully availed themselves to the forum state through their allegedly intentional tortious conduct. *See Blessing v. Chandrasekhar*, 988 F.3d 889, 904-05 (6th Cir. 2021). Personal jurisdiction under the Effects test is proper when the defendant committed an intentional tort "expressly aimed" at the forum state and knew that the "brunt of the harm" would be felt in the forum state. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 552 (6th Cir. 2007); *Scotts Co. v. Aventis S.A.*, 145 F. App'x 109, 113 n.1 (6th Cir. 2005).

Plaintiff has not satisfied the Effects test. Plaintiff does not show that Defendants expressly aimed their allegedly tortious conduct at Ohio. Plaintiff argues that Defendants targeted Ohio through the Website because Ohio users could access articles, contact Defendants, and input their Ohio addresses into the reverse-mortgage calculator. (Response, Doc. 12, Pg. ID 512.) But, this is not enough. Any resident of any state could access the Website and use these features. (*See* Calculator, Doc. 12-2, Pg. ID 523-24; Articles, Doc. 12-3, Pg. ID 528-30). That an Ohio resident is one potential user of the Website is not enough to show that Defendants "expressly aimed" their tortious conduct at Ohio. *See Cadle*, 123 F. App'x at 679-80 (noting that the defendants did not purposefully avail themselves to Ohio's jurisdiction through their website when it did not target Ohio more than any other state).

Moreover, the fact that Plaintiff was injured is not enough to show that Defendants knew that the "brunt of the harm" was likely to be suffered in Ohio. *Air Prods*, 503 F.3d

at 552; *see also Walden*, 571 U.S. at 290 ("mere injury to a forum resident is not a sufficient connection to the forum."). Thus, Plaintiff has not shown purposeful availment by Defendants under the Effects test. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) (stating that "if having an interactive website were enough in [trademark infringement] situations like this one, there is no limiting principle — a plaintiff could sue everywhere.").

### b. Arising from Defendants' Activities in Ohio

Assuming *arguendo* that Defendants purposefully availed themselves to Ohio's jurisdiction, Plaintiff's claims do not relate to Defendant's conduct in Ohio. This second prong of the Due Process analysis centers on a plaintiff demonstrating "a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 507 (6th Cir. 2014). The cause of action must have "a substantial connection with the defendant's in-state activities." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002).

Plaintiff has not shown a satisfactory connection between Defendants' conduct and Ohio. Defendants' allegedly tortious conduct occurred through the Website. (*See* Compl., Doc. 1, ¶ 82.) But, there is no sign that the computers hosting the Website were in Ohio, that there was "meaningful interactivity" between Ohio residents and Defendants, that the Website was directed at Ohio more so than other states, or that a significant number of Ohioans utilized the Website. *See Oasis Corp. v. Judd*, 132 F. Supp. 2d 612, 623 (S.D. Ohio 2001). Defendants allowing Ohio residents — in addition to users elsewhere across the county — to access and use the Website is not a substantial

8

connection to Ohio. *See Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 472 (6th Cir. 2012) (no substantial connection between a handful of Kentucky residents requesting passwords through defendant's allegedly trademark-infringing website and the trademark infringement claim). Thus, Plaintiff has not shown a substantial connection between Defendants' conduct and Plaintiff's copyright infringement claims. Therefore, the Court lacks personal jurisdiction over this case because the first two Due Process factors have not been met.

## II.    Venue Transfer or Dismissal

Having concluded that the Court lacks personal jurisdiction over this case, the Court must decide whether to dismiss this case or transfer the matter to the Southern District of Florida, as requested by Defendants. (*See* Motion, Doc. 8, Pg. ID 458.) The Court may, despite lacking personal jurisdiction, transfer this matter under 28 U.S.C. §§ 1406 or 1631 if it is in the interests of justice. *See Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012). Sections 1406(a) and 1631 are "similar provision[s]" that "confer broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009). In determining whether transfer under these statutes is appropriate, courts consider, among other things, "advancing the parties' interest in completely resolving their dispute" and "the prejudice to each party in the case of a dismissal or transfer." *Stehle v. Venture Logistics, LLC*, No. 3:19-CV-169, 2020 WL 127707, at *9 (S.D. Ohio Jan. 10, 2020) (collecting cases).

Transferring this case is not in the interest of justice. To be sure, the Southern District of Florida may indeed be a proper venue in this copyright matter, because

Defendants are situated there. *See* 28 U.S.C. § 1400(a); (Compl., Doc. 1, ¶¶ 2-5). That said, Defendants do not advocate for why transfer, rather than dismissal, is appropriate. (*See* Motion, Doc. 8, Pg. ID 458.) Nor does Plaintiff argue that it would experience prejudice if this case were dismissed rather than transferred. (*See* Response, Doc. 12, Pg. ID 515); *Cf. Jones v. Herbert Kannegiesser GmbH*, No. 5:06-CV-39, 2006 WL 3240710, at *2 (W.D. Mich. Nov. 7, 2006) (collecting cases in which transfer was proper when dismissal would implicate statute of limitations problems). Perhaps more importantly, Plaintiff vigorously contests transferring the case. (*See* Response, Doc. 12, Pg. ID 515-16.) In consideration of these factors, dismissal of this case, rather than its transfer, is in the interest of justice.

*　　*　　*

The Court lacks personal jurisdiction over this case and dismissal is appropriate. Plaintiff has not shown that Defendants purposefully availed themselves to Ohio's jurisdiction or that Plaintiff's claims arose from Defendant's activities in Ohio. So, the first two Due Process factors have not been meet. In turn, this Court lacks personal jurisdiction and dismissal is appropriate.

### CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1) Defendants' Motion to Dismiss (Doc. 8) is **GRANTED;**

2) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE;**

3) This Matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND